1
2
3
4
5

6           UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8  LEROY WILLIAMS,

9                  Plaintiff,           Case No. C12-1114-RSM

10     v.                                **REPORT AND RECOMMENDATION**

11  STATE OF WASHINGTON,

12                 Defendant.

13    Plaintiff, proceeding pro se, filed a pleading entitled "ADMIMSTRATIVE NOTICE; IN

14 THE NATURE OF WRIT OF ERROR CORAM NOBIS & DEMAND FOR DISMISSAL OR

15 STATE THE PROPER JURISDICTION" ( Dkt. 1) and an application to proceed in forma

16 pauperis ("IFP").  Dkt. 4.  After reviewing plaintiff's pleading, the Court recommends the matter

17 be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted,

18 and that the IFP application be **DENIED** as moot.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii),

19 1915A(b)(1).

20                           **DISCUSSION**

21    A plaintiff must "plead a short and plain statement of the claim showing that the pleader

22 is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This statement must be sufficient to "give the

23 defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*

REPORT AND RECOMMENDATION - 1

*v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive dismissal, a complaint must contain sufficient factual matter that states a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here plaintiff's pleading is incomprehensible and appears to be somehow related to certain state criminal and civil matters.  Dkt. 1.  The pleading fails to present facts sufficient to state a claim of relief or to place the opposing party on notice of the nature of plaintiff's claims.  As plaintiff has failed to state a cognizable legal claim against any opposing party, his proposed complaint is frivolous.  Accordingly, the Court recommends plaintiff's proposed pleading, Dkt. 1, be **DISMISSED** without prejudice, and that his IFP application, Dkt. 4, be **DENIED** as moot.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  A proposed order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed and served upon all parties no later than **July 30, 2012.**  The Clerk should note the matter for **August 3, 2012**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the

matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

DATED this 16th day of July, 2012.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3